41 F.3d 1504
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William Beall BOWIE, Receiver, Plaintiff-Appellant,
and
Vena L. Beachy, Plaintiff,
v.
STATE of Maryland, to the use of Department of Natural
Resources; United States of America, Defendants-Appellees.
 No. 93-2502.
 United States Court of Appeals, Fourth Circuit.
 Argued: Sept. 28, 1994.
Decided: Nov. 21, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, Senior District Judge. (CA-92-3555-HAR)
 ARGUED: Gorman Eugene Getty, III, Cumberland, MD, for appellant. Pamela Davis Andersen, Assistant Attorney General, DEPARTMENT OF NATURAL RESOURCES, Annapolis, MD, for appellees. ON BRIEF: J. Joseph Curran, Jr., Attorney General, Marianne D. Mason, Assistant Attorney General, DEPARTMENT OF NATURAL RESOURCES, Annapolis, MD; Lynne A. Battaglia, United States Attorney, Roann Nichols, Assistant United States Attorney, Baltimore, MD, for appellees.
 D.Md.
 AFFIRMED.
 Before MURNAGHAN and WILLIAMS, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Here we have a case arising from a dispute over title to certain lands in Garrett County, Maryland, identified as Military Lots 2258 and 2259. The Appellant, William Beall Bowie, has alleged ownership of the property in himself and members of a class of successors pursuant to a 1788 statute enacted by the Maryland legislature which conferred land to one of Bowie's ancestors, Henry Chapman, a Revolutionary War soldier. The United States, however, has asserted that it acquired the land as a bona fide purchaser in 1937 through a properly recorded deed from Ralph and Etta Engle, and that it later leased the property to the State of Maryland, which has cared for the property as a state forest since 1939.
 
 
 2
 On June 29, 1990, the Appellant filed an action in the Circuit Court for Garrett County, Maryland, to quiet title to the land. On September 10, 1992, the State of Maryland filed a motion to dismiss the case for failure to join the United States as a party defendant. On November 24, 1992, the Appellant filed an Amended Complaint naming the United States as an additional defendant, and the United States removed the case to the United States District Court for the District of Maryland. On October 18, 1993, the court granted the motion for summary judgment filed by the United States and Maryland, holding: (1) that the United States and Maryland had superior title to the land, and (2) in the alternative, the United States and Maryland had acquired clear title by adverse possession of the disputed land for more than twenty years. Bowie has appealed the district court's grant of summary judgment. We affirm.
 
 
 3
 The title to the contested land in Henry Chapman and his successors, including Bowie, was never recorded among the Garrett County land records as required by Maryland law, and was thus never perfected. See Annotated Code of Maryland, Real Property Article Sec. 3-101(a). The 1788 Maryland statute conferring title to certain lands on named Revolutionary War soldiers created title only in Chapman himself; because neither Chapman nor his successors recorded the title, the land became properly subject to reconveyance from Maryland to John Hoye. See Lee v. Hoye, 1 Gill 188 (Md.App. 1843). The Engles, successors in interest to John Hoye, thereby gained superior title to the land on January 16, 1937, by a properly recorded deed, making them bona fide purchasers of the land. The United States, which subsequently, by recorded deed, acquired the land from the Engles, therefore took superior title to that of Appellant.
 
 
 4
 Furthermore, the district court was not in error in finding that Maryland and the United States had properly acquired title to the disputed land by adverse possession. In 1954, the United States conveyed the land to the State of Maryland, which since 1939 has cared for the land as a state forest. The State, among other things, erected boundary markers identifying the land as part of the state forest, regularly patrolled the land, and opened the land to the public. We therefore conclude from the record that the State's possession both before and after the 1954 conveyance has been adverse to Bowie's title for more than twenty years. Miceli v. Foley, 83 Md.App. 541, 552, 575 A.2d 1249, 1255 (Md.App.1990) (to establish title by adverse possession, a claimant must show that the land was "continually possessed in an actual, open, notorious, exclusive and hostile manner, under claim of title or ownership" for a 20 year period). Moreover, Maryland's adverse possession was not in any way interrupted by the 1983 easement agreement between the State of Maryland and Bowie by which Bowie granted permission to Maryland to enter the land, because the agreement merely represented either Maryland's excessive caution or careless inattention to the actual legal title; it did not amount to an acknowledgement of Bowie's claim to the land. In all events, the easement agreement neither conveyed any land to Bowie, nor interrupted adverse possession, because Maryland had adversely possessed the land for more than twenty years at the time of the agreement.
 
 Hence the judgment is
 
 5
 AFFIRMED.